FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
05 FEB 23 PM 2: 36
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROLINE NERO, Individually and on Behalf of JASMINE NERO, and CHRISTIAN COPERLAND, Minor Children, <br><br> Plaintiff, <br><br> vs. <br><br> OMAHA HOUSING AUTHORITY, and BRAD ASHFORD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) CIVIL CASE NUMBER: 8:05CV86 ) ) ) ) ) ) |

## COMPLAINT FOR MONETARY, DECLARATORY, INJUNCTIVE RELIEF, TEMPORARY RESTRAINING ORDER, AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

COMES NOW Plaintiff Caroline Nero, individually, and on behalf of Jasmine Nero, and Christian Coperland, minor children, by and through her attorney Catherine Mahern and Steven M. Virgil of the Abrahams Legal Clinic, and states and alleges as follows:

1. Plaintiff seeks monetary, declaratory, injunctive relief, and a temporary restraining order against Defendant, Omaha Housing Authority for the denial of Plaintiff's due process rights in violation of 42 U.S.C. § 1983.

### II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 42 U.S. C. § 1983.

3. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, U.S. CONST. amend. V, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Venue is proper under 28 U.S.C. § 1391 in that all events giving rise to the claims alleged herein occurred in Omaha, Douglas County, Nebraska.

5. Plaintiff requests a trial in Omaha, Nebraska.

## III. PARTIES

6. Plaintiff Caroline Nero resides in Omaha, Nebraska with her minor children, Jasmine Nero, age 14 and Christian Coperland, age 17.

7. Defendant Omaha Housing Authority is a Public Housing Authority organized under the laws of the State of Nebraska as found at Neb. Rev. Stat. 71 § 1518-1554 (Reissue 2003).

8. Defendant Omaha Housing Authority provides and administers housing assistance under the Section 8 program which is federally funded under 24 C.F.R. § 982.311 (2005).

9. Defendant Brad Ashford is the Executive Director of the Omaha Housing Authority, and was so employed at all times relevant to this matter. Defendant Brad Ashford is being sued in his official capacity as Executive Director.

10. At all times relevant herein, Defendant Ashford, in doing the acts or in omitting to act as alleged in this Complaint, was the agent, employee, or representative of Defendant Omaha Housing Authority, and was acting within the scope of his actual or apparent authority pursuant to such employment or representation.

## IV. FACTS

11. Defendant Omaha Housing Authority provides and administers benefits to low-income individuals and families under the Section 8 Program, a federally funded program administered by the United States Department of Housing and Urban Development (HUD), and the provisions of the United States Housing Act, 42 U.S.C. § 1437f.

12. In order to qualify for Section 8 benefits a rental property must pass an OHA inspection under 24 C.F.R. § 982.305 (2005).

13. Plaintiff Caroline Nero resides at Timber Ridge Apartments, 10915 Jaynes Plaza, # 1814 Omaha, Nebraska 68134.

14. Plaintiff Caroline Nero is a recipient of the Omaha Housing Authority Section 8 benefits which subsidizes the Plaintiff's rent in the amount of $800.00 per month.

15. On or about July 28, 2004, OHA performed an inspection at Plaintiff's apartment.

16. The July 28, 2004, inspection failed.

17. On or about August 30, 2004, OHA re-inspected Plaintiff's apartment.

18. The August 30, 2004, inspection failed.

19. OHA determined failed items were Plaintiff's responsibility and terminated her from the program.

20. On or about September 13, 2004, OHA sent Plaintiff a letter notifying her that as of September 1, 2004 she was terminated from Section 8 benefits due to the inspections on July 28 and August 30, 2004. On or about this same date, an apartment manager of Timber Ridge was notified by OHA that effective October 1, 2004, the Section 8 benefits for Plaintiff would be terminated.

21. Plaintiff disputed OHA's determination and appealed on or about September 17, 2004.

22. On or about October 5, 2004, Plaintiff had a hearing and prevailed at the hearing.

23. On or about October 5, 2004, the OHA hearing committee sent a memorandum to Donna Fitzpatrick, Quality Control Specialist at OHA, recommending that Plaintiff be reinstated to the Section 8 Program.

24. On or about November 10, 2004, a letter was sent to Plaintiff by Donna Fitzpatrick, Quality Control Specialist, notifying her of the results of the OHA hearing committee regarding her termination, and stated that the determination was to reinstate her Section 8 benefits.

25. On or about January 6, 2005, Plaintiff's landlord, Timber Ridge Apartments, gave Plaintiff a letter stating that she owed $3,200.00 in unpaid rent, and that she had three days to pay the rent in full or to deliver premises to the owner.

26. Unbeknownst to Plaintiff, OHA made no payments after September1, 2004, and, notwithstanding the committee's determination, OHA has failed to reinstate Plaintiff's Section 8 benefits.

27. Plaintiff and her minor children, as a result of Defendant's actions and inactions, are irreparably harmed by the loss of their housing benefits and have no reasonable housing alternatives and are living under the threat of eviction from the premises by the landlord.

28. Plaintiff and her minor children are aggrieved person under the Civil Rights Act 42 U.S.C. §1983, and have been irreparably injured by Defendant's conduct and have suffered damages, a loss of civil rights, and face severe economic and personal loss.

29. Plaintiff is suffering from anxiety, emotional distress, pain and other irreparable harm as a result of Defendant's actions. Plaintiff has no adequate remedy at law.

30. Defendants' adoption, use, and enforcement of administrative rules, policies and procedures have threatened to deny Plaintiff and her children of their needed housing opportunities.

## V. STATUTORY FRAMEWORK
## III. STATUTORY FRAMEWORK

### A. PART 982 – SECTION 8 TENANT BASED ASSISTANCE: HOUSING CHOICE VOUCHER PROGRAM

1. § 982.305 – <u>PHA approval of assisted tenancy</u>:

The section 8 program requires:

> The PHA may not give approval for the family of the assisted tenancy, or execute a HAP contract, until the PHA has determined that all the following meet program requirements: (1) The housing unit is eligible; (2) The unit has been inspected by the PHA and passes HQS; (3) The lease includes the tenancy addendum; (4) The rent to owner is reasonable; and (5) At the time a family initially receives tenant-based assistance for occupancy of a dwelling unit, and where the gross rent of the unit exceeds the applicable payment standard for the family, the family share does not exceed 40 percent of the family's monthly adjusted income.

The Section 8 program under, 982.305 (2)(i) requires the PHA to inspect

> the unit, determine whether the unit satisfies the HQS, and notify the family and owner of the determination that: (A) In the case of a PHA with up to 1250 budgeted units in its tenant-based program, within fifteen days after the family and the owner submit a request for approval of the tenancy.

Additionally, subpart (B) requires:

> In the case of a PHA with more than 1250 budgeted units in its tenant-based program, within a reasonable time after the family submits a request for approval of the tenancy. To the extent practicable, such inspection and determination must be completed within fifteen days after the family and the owner submit a request for approval of the tenancy.

2. § 982.311 - <u>When assistance is paid:</u>

Under this statute, subpart (a):

> Housing assistance payments are paid to the owner in accordance with the terms of the HAP contract. Housing assistance payments may only be paid to the owner during the lease term, and while the family is residing in the unit.

4

Furthermore subpart (c) states added reasons for termination. Specifically:

> Housing assistance payments terminate if: (1) The lease terminates; (2) The HAP contract terminates; or (3) The PHA terminates assistance for the family.

3. § 982.555 - <u>Informal hearing for participant:</u>

PHA requires an informal hearing when the termination is based on the family's action or failure to act. Before a final termination, under sections (a)(1)(iv), (v) and (vi) of this paragraph, the PHA must give the opportunity for an informal hearing before the PHA terminates housing assistance payments for the family under an outstanding HAP contract. Additionally, in the cases described in paragraphs (a)(1)(i), (ii) and (iii) of this section, the PHA must notify the family that the family may ask for the rationale of the PHA determination, and that if the family does not agree with the determination, the family may request an informal hearing on the PHA's decision. In the cases depicted in sections (a)(1)(iv), (v) and (vi) of this section:

> The PHA must give the family prompt written notice that the family may request a hearing. The notice must: (i) contain a brief statement of reasons for the decision,(ii) state that if the family does not agree with the decision, the family may request an informal hearing on the decision, and(iii) state the deadline for the family to request an informal hearing.

Under section (e)(6), issuance of the decision:

> The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family.

## VI. CLAIM FOR RELIEF
### COUNT I - 42 U.S.C. SECTION 1983

31. Plaintiff incorporates by reference the allegations contained in paragraphs one through 30 above, as if fully set forth herein.

5

32. Defendants, acting under color of law, are violating Plaintiff's civil rights under 42 U.S.C. § 1983 by:

   a. Denying Plaintiff her due process rights by failing to afford her the opportunity for a hearing before a neutral fact finding panel that was not subordinate to the person who made or approved the decision to terminate Plaintiff's Section 8 benefits, all in violation of 24 C.F.R. § 982.555 (e)(4) (2005);

   b. Denying Plaintiff her due process rights by terminating Plaintiff's benefits before a final determination, in that Defendant Omaha Housing Authority ceased paying Plaintiff's rent after September 1, 2004 when her hearing was not held until October 5, 2004, in violation of 24 C.F.R. § 982.555(a)(2) (2005) which states: The PHA must give the opportunity for an informal hearing before the Public Housing Authority terminates housing assistance payments for the family under an outstanding Housing Assistance Payment (HAP) contract.

   c. After Plaintiff's reinstatement of Section 8 benefits, Defendant then denied due process of law by terminating Plaintiff's benefits without a hearing, in violation of 24 C.F.R. § 982.555 (a)(1)(v) (2005).

33. Defendants' adoption, use, and enforcement of administrative rules, policies and procedures have threatened to deny Plaintiff and children of their needed housing opportunities.

## COUNT II - TEMPORARY RESTRAINING ORDER

34. Plaintiffs hereby reincorporate the allegations contained in all paragraphs above as if fully set forth herein.

35. Plaintiffs, by and through their counsel, move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a Temporary Restraining Order against the Defendants enjoining them from denying Plaintiff her Section 8 benefits and to stop denying Section 8 benefits for past and current rent due. In support of their Motion, the Plaintiffs state as follows:

   a. The Plaintiffs will suffer immediate and irreparable harm if the Defendants are not temporarily estopped from denying Plaintiff her Section 8 benefits because Plaintiff and her minor children face definite and immediate eviction from their dwelling;

   b. Plaintiffs have no adequate remedy at law;

   c. Defendants would not be excessively harmed by the injunction because under 42 U.S.C.A § 1437f and 24 C.F.R. 966.51 (2005) they are obligated to pay Plaintiff's Section 8 benefits until a final determination of ineligibility has been made;

  d. Plaintiffs are likely to prevail on the merits of their claims;

  e. The granting of a temporary restraining order would have no detrimental effect on any third-parties; in fact a temporary restraining order ensures payment for past and future rent owed to a third-party, Timber Ridge Apartment; and

  f. The balance of the hardships tips decidedly in favor of granting the requested temporary restraining order, inasmuch as the cost to the Defendants of delaying payment of Section 8 benefits is negligible when compared to the potential harm the Plaintiff's face if they lose their dwelling prior to these proceedings ending.

## VII. JURY DEMAND

Plaintiff hereby requests a trial by jury.

## VIII. RELIEF

WHEREFORE, Plaintiff prays for the following relief:

  A. Enter a declaratory judgment that Defendants violated Plaintiff's due process right by failing to pay Plaintiff's rent while continuing to investigate Plaintiff's termination but before a final determination on her Section 8 benefits was decided, all in violation of 24 C.F.R. § 982.555(a)(2) (2005) and the Federal Civil Rights Act;

  B. Enter a declaratory judgment that Defendants violated Plaintiff's due process rights by failing to provide her with neutral fact-finding panel that was not subordinate to the person who made or approved the decision to terminate Plaintiff's Section 8 benefits, all in violation of 24 C.F.R. § 982.555 (e)(4) (2005) and the Federal Civil Rights Act;

  C. Enter a declaratory judgment that Defendants violated Plaintiff's due process rights by terminating Plaintiff's benefits prior to a final determination of termination;

  D. Enter a preliminary injunction, ordering Defendants to immediately reinstate Plaintiff to the Section 8 Program, pay any rental benefits amount due and owing to Plaintiff's landlord, and continue the payment of her benefits pending the outcome of this case;

  E. Enter a Temporary Restraining Order, ordering Defendant to cease denial of Plaintiff's Section 8 benefits; Plaintiff has suffered undue hardship and irreparable injury as the result of the denial of her benefits.

  F. Award Plaintiff an award of compensatory damages and punitive damages;

  G. Grant Plaintiff an award of reasonable costs, expenses and attorney's fees; and,

  H. Such other relief as this Court deems just and proper.

CAROLINE NERO, Individually and on Behalf of JASMINE NERO, and CHRISTIAN COPERLAND, Minor Children,

Plaintiff

By: *Heather Meyer*
Heather Meyer
Senior Certified Law Student

By: *Catherine Mahern*
Catherine Mahern #19939
Abrahams Legal Clinic
2120 Cass Street
Omaha, Nebraska 68178
(402) 280-3068

By: *Kendra Quinn*
Kendra Quinn
Senior Certified Law Student

By: *Steven M. Virgil*
Steven M. Virgil #21430
Abrahams Legal Clinic
2120 Cass Street
Omaha, Nebraska 68178
(402) 280-3068

8