IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAROLINE NERO, individually and on behalf of JASMINE NERO and CHRISTIAN COPERLAND, minor children, | ) ) ) ) ) | 8:05CV86 |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| OMAHA HOUSING AUTHORITY and BRAD ASHFORD, | ) ) ) | |
| Defendants | ) | |

The plaintiff, Caroline Nero, claims that the defendants, the Omaha Housing Authority and its executive director Brad Ashford, sued in his official capacity only (collectively, "OHA"), denied her due process when it terminated her Section 8 housing assistance payment benefits,[1] violated applicable federal regulations when it failed to relocate her family because of mold contamination, and failed to make a reasonable accommodation under the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-19, for her daughter's mold allergy. OHA has moved to dismiss Nero's amended complaint "pursuant to Fed. R. Civ. P. 12(b) . . . for the reasons that this Court lacks jurisdiction over the subject matter of Plaintiff's Amended Complaint and that said Complaint fails to state a claim upon which relief can be granted[,]" and has also moved for summary judgment "[p]ursuant to Fed. R. Civ. P. 56." (Filing 54.) Nero has also moved for summary judgment on all claims. (Filing 60.)[2]

---

[1] Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437f.

[2] Additionally, Nero has filed objections to portions of OHA's evidence in opposition to her summary judgment motion (filing 67) and has moved for leave to file a supplemental brief and evidence in opposition to OHA's motions (filing 71).

Although OHA has moved to dismiss the amended complaint for lack of subject matter jurisdiction, its brief includes no argument in this regard, and my own review of the pleadings has not disclosed such a jurisdictional defect. The plaintiff's "Section 8" claims are brought pursuant to 42 U.S.C. § 1983, and the FHAA expressly permits a private right of action. See 42 U.S.C. § 3613.

OHA only argues in support of its motion to dismiss that Nero has failed to state an actionable claim under § 1983 because she has not alleged that her rights were violated as the result of a policy or custom of OHA. Nero correctly notes that a Rule 12(b)(6) motion is untimely, but it is appropriate to treat the motion as having been made pursuant to Rule 12(c), particularly since OHA's answer (filing 48, ¶ 41) contains an allegation that Nero's amended complaint fails to state a claim upon which relief can be granted. See Metro Renovation, Inc. v. Allied Group, Inc., 389 F. Supp. 2d 1131, 1133 (D.Neb. 2005).

Four months ago, in another § 1983 action brought against OHA by Nero's counsel of record, I granted OHA's motion for judgment on the pleadings (converted from a motion for partial summary judgment) because no facts were alleged to show that an unconstitutional policy had caused the termination of the plaintiff's Section 8 benefits, but I granted the plaintiff leave to amend to allege the existence of an unconstitutional custom. See Fields v. Omaha Housing Authority, No. 8:04CV554, Memorandum and Order entered September 6, 2005. OHA argues that Nero should not be allowed to amend because trial of the case is scheduled to begin on March 27, 2006, but OHA has delayed in challenging the sufficiency of Nero's pleadings. In this circumstance, and considering that Nero has also filed a motion to supplement her response to the defendants' motion by filing evidence that reportedly will show the existence of an OHA policy to terminate Section 8 benefits prior to a due process hearing (see filings 71, 72), I conclude that Nero should be granted leave to amend and that the trial should be continued for an indefinite period.[3]

---

[3] In the order on final pretrial conference, entered on February 14, 2006, the parties indicated that it remains to be determined whether the amended complaint

2

With regard to Nero's FHAA claim, I find that genuine issues of material fact preclude the entry of summary judgment for either side. Nero's objections to OHA's opposing evidence will be denied.

IT IS ORDERED that:

1. Defendants' motion to dismiss and motion for summary judgment (filing 54) is granted in part and denied in part, as follows:

    a. Defendants' motion to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, treated as a motion filed pursuant to Federal Rule of Civil Procedure 12(c), and limited to Counts I and II of Plaintiff's amended complaint, is granted.

    b. In all other respects, Defendants' motion is denied.

2. Plaintiff's motion for summary judgment (filing 60) is denied.

3. Plaintiff's objection (filing 67) to Defendants' evidence opposing her motion for summary judgment is denied.

4. Plaintiff's motion for leave to supplement her response to Defendants' motion (filing 71) is denied.

---

should be construed to allege "policy" and "custom" theories of liability. (Filing 78, at 5.) I now conclude that the amended complaint is not open to such a construction, but that the interests of justice require that Nero be granted leave to amend to allege such theories, even though she has not specifically requested leave to amend. See Fed. R. Civ. P. 15(a). Because I am granting OHA's motion for judgment on the pleadings regarding Nero's § 1983 claims, I will deny Nero's motion to supplement her response to OHA's motion for summary judgment on the due process claim.

5. Plaintiff is granted leave to file a second amended complaint within 10 days that states one or more claims for relief under § 1983 by alleging a "policy" or "custom" theory of liability.

6. This matter is removed from court's trial docket for the week of March 27, 2006, and is referred to Magistrate Judge Piester for entry of a new case progression order, as appropriate.

February 16, 2006.                BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge