IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAROLINE NERO, JASMINE NERO, and CHRISTIAN COPERLAND, | )<br>)<br>)<br>) 8:05CV86<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) MEMORANDUM AND ORDER |
| OMAHA HOUSING AUTHORITY, and BRAD ASHFORD, | )<br>)<br>) |
| Defendants. | ) |

Pending before me is the plaintiffs' motion to compel, filing 97.[1] The plaintiffs move the court "for an order compelling Defendant Omaha Housing Authority to produce answers to Plaintiff's Interrogatories served upon counsel for Defendant on April 11, 2006, and to respond to Plaintiff's Second Request for Production which was served upon counsel for Defendant on April 11, 2006, as well as for sanctions, pursuant to Rule 37(b)(2)(A) and (B)." Filing 97. See also filing 98, exs. A & B.

The defendants objected to plaintiffs' April 11, 2006 discovery on April 26, 2006. Filing 98, exs. C & D. The parties discussed the defendants' objections, and the plaintiffs agreed to limit the scope of their discovery to those terminated Section 8 recipients "who requested a hearing after receiving the notice of

---

[1] Although the motion was referred to Magistrate Judge Piester, he is out of the district at this time. Accordingly, I have resolved the matter on my own motion.

termination." Filing 98, ex. E.  Therefore, the discovery at issue on plaintiff's motion to compel requests:

> INTERROGATORY NUMBER 1:   For each Section 8 recipient who was notified that his or her Section 8 was terminated between the dates of July 1, 2003 until September 1, 2005, and who requested a due process hearing on the termination, provide the following information:
> (a) The name, last known address and telephone number of the Section 8 recipient;
> (b) The date the notice or letter of termination was sent by OHA;
> (c) The name of any Section 8 recipient requesting a hearing on the determination by OHA to terminate assistance;
> (d) The date of any hearing held by OHA on the termination of Section 8 benefits;
> (e) The dates and amount of rental assistance paid by OHA on behalf of a Section 8 recipient who requested a hearing, from the date of the termination notice or letter to the date of the hearing.

Filing 98, ex. E.

> REQUEST NUMBER 3: For each person identified in Defendants' Answer to Interrogatory Number One and for the time period of July 1, 2003 to July 1, 2005 produce:
> (a) A copy of the notice or letter from OHA to the Section 8 recipient terminating him or her from the Section 8 Program;
> (b) A copy of any request for hearing addressed to OHA from a Section 8 recipient;
> (c) A copy of any letter from OHA to the Section 8 recipient scheduling a hearing on the termination;
> (d) A copy of the hearing results for each hearing held on the termination of benefits;

> (e) A copy of the payment history for Section 8 benefits paid for a period of 30 days prior to the termination letter and for 60 days after the date of the hearing.

Filing 98, exs. B & E.

The defendants responded to the amended discovery on June 9, 2006 by providing "a spreadsheet listing the information requested," and copies of tenant records divided by tenant. Filing 98, exs. H & I. A letter accompanying these discovery responses stated the defendants were unable to locate but were actively searching for the files of twelve individuals and would provide those files once they were located. Filing 98, ex. J. Supplemental discovery responses were provided on June 23, 2006, and on July 19, 2006. Filing 98, exs. K & M.

Plaintiffs' counsel reviewed the discovery responses, and on July 14, 2006, sent the defendants a listing of information requested but not yet provided. Included with that listing was plaintiffs' demand for the phone numbers of the Section 8 tenants identified in the defendants' discovery responses. Filing 98, ex. L.

On August 3, 2006, the plaintiffs advised defendants' counsel that defendants' discovery responses appeared to date back to only July 1, 2004, but the discovery period at issue was July 1, 2003 through July 1, 2005. The letter demanded discovery for the July 1, 2003 through July 1, 2004 time period, as well as a response to the plaintiffs' July 14, 2006 letter for supplemental information. Filing 98, ex. O. OHA acknowledges that it originally failed to produce discovery for the July 1, 2003 through July 1, 2004 time frame because it performed a computer search to respond to the discovery requests, but records concerning notices of termination were not computerized prior to July 1, 2004. Filing 102, ex. 3 (McFarland affidavit), ¶ 4.

Another letter demanding discovery responses was sent to defendants' counsel on August 7, 2006. This letter warned that if the discovery was not in the possession of plaintiffs' counsel by August 10, 2004, a motion to compel would be required "as nothing else has worked to get the information sought." Filing 98, ex. P. A "final request" was sent on August 15, 2006. Plaintiffs' counsel stated, "Due to the upcoming trial date I will file a Motion to Compel with the Court by tomorrow and seek sanctions against your client as well as attorney's fees. In order to avoid the additional time and expense of such action, please arrange for the discovery to be delivered to my office by the end [of] today." Filing 98, ex. Q.

Defendants' counsel spoke with plaintiffs' counsel on August 15, 2006 and reported that the defendants had initiated a manual search of over 680 files which they believed may contain information or documentation relevant to plaintiffs' discovery requests. OHA had employed two temporary workers to work full-time for a week to search the defendants' files for responsive records. Filing 102, ex. 3 (McFarland affidavit), ¶ 7. Plaintiffs' counsel was further told that although defendants' employees and temporary employees were working to locate responsive information, no further document production was expected that week due to the condition of defendants' records and the illnesses of defendants' employees. Filing 102, ex. 2 (Bradford affidavit), ¶¶ 5-7.

The plaintiffs' motion to compel was filed on August 18, 2006. The defendants' response, filed on September 1, 2006, states that on September 1, 2006, defendants' counsel hand-delivered to plaintiffs' counsel supplemental discovery information and documents "in satisfaction of the request made in the August 3, 2006 letter from Plaintiff's counsel." Filing 102, ex. 1 (Eichmann affidavit), ¶ 12; ex. 3 (McFarland affidavit), ¶ 9. The plaintiffs filed no reply to this statement. The case was therefore deemed submitted on September 12, 2006.

This case may be reached for trial on September 25, 2006.  Accordingly, a telephonic conference with counsel was held today to determine if the defendants' September 1, 2006 responses rendered the plaintiffs' motion to compel moot, and if not, to identify what areas of discovery remain in dispute.[2]  Plaintiffs' counsel advised that the motion to compel has not been resolved.  Specifically, plaintiff's counsel states that the defendants have not provided:  1) phone numbers for any of the identified Section 8 tenants; and 2) documents from thirty tenant files.

Defendants' counsel states that the requested phone numbers can be provided by the end of this week.  As to the documents for the thirty tenant files, defendants' counsel states that sixteen of these files have been located and contain no documents responsive to the plaintiffs' discovery requests.  The remaining fourteen tenant files have not yet been found.  Absent finding these files, or contacting the tenants directly by telephone or otherwise, there is no way to discern whether the files contain documents responsive to the plaintiffs' pending discovery requests.

IT IS THEREFORE ORDERED: Plaintiffs' motion to compel, filing 97, is granted in part, and denied in part, as follows:

1. On or before September 15, 2006, the defendants shall produce to the plaintiffs:

    a. A listing of the names and last known phone numbers for all Section 8 recipients identified in response to Plaintiffs' Interrogatory Number 1;

    b. The names and last known phone numbers of the tenants for the fourteen potentially relevant DHS files that have yet to be located by the defendants; and

---

[2]The conference was held between Judge Piester's law clerk and counsel for both parties with my agreement.

      c.      Any relevant information from the fourteen Section 8 recipient files that had not been located as of this date or an affidavit, signed by the defendants' representative, describing the defendants' efforts to locate these files and explaining why the information within those files has not been produced.

2. The plaintiffs' request for sanctions pursuant to Rule 37(b)(2)(A) and (B) is denied.

DATED this 13th day of September, 2006.

                          BY THE COURT:

                          *s/Richard G. Kopf*
                          United States District Judge